SHAHOOD, J.
We affirm in part and reverse in part appellant’s appeal from Summary Final Judgment in favor of appellee. We affirm the trial court’s determination that the insurance shifting language contained in ap-pellee’s rental agreement was in 10-point type in conformity with section 627.7263, Florida Statutes.
We reverse and remand summary final judgment on the grounds that appellant’s first affirmative defense created issues of material fact. In his first affirmative defense, appellant argued estoppel on the grounds (1) that the language contained in the rental agreement shifting responsibility for primary coverage to its lessees did not comply with Florida law, and (2)[1] that he relied on alleged statements and/or misstatements by Hertz employees, and thus, declined to purchase supplemental insurance. We affirm the trial court’s determination that the automobile rental agreement contained language which properly shifted responsibility for primary liability coverage from appellee to appellant and his insurance carrier. However, we hold that issues of material fact exist as to appellant’s claim of detrimental reliance with respect to the purported statements made by the Hertz employees to appellant.
Affirmed in part; reversed in part and remanded.
WARNER, C.J., and GROSS, JJ., concur.

. Although appellant makes reference in the second ground of his first affirmative defense to Hertz being "further estopped,” the second ground is in fact detrimental reliance, and not estoppel.